**Foltin v. Marbach**

*S. Gerald Litvin*, for plaintiffs.

*Jan E. DuBois*, for defendants.

*John L. Jenkins*, for Al. Einstein Med. Center.

SABO, J., November 27, 1974.—Rule 4009 of the Pennsylvania Rules of Civil Procedure provides that the court, on the motion of a party may:

"(1) order a party to produce and permit the inspection, including the copying and photographing, by or on behalf of the petitioner, of designated tangible things, including documents, papers, books, accounts, letters, photographs and objects, which are in his possession, custody, or control."

It is clear that the information requested by petitioners is within the scope of this rule. Furthermore, the information requested by petitioners is within the possession and control of defendant.

Petitioners are entitled to access to procedure and directive books requested. However, petitioners' request is overbroad insofar as it requests entries from the hospital logs of the operating room and the recovery room for the entire month of April 1971. This amounts to unreasonableness, expense and oppression under Rule 4011(b) of the Pennsylvania Rules of Civil Procedure.

Petitioners' request is further overbroad in that the information they request would unnecessarily include the names of patients unrelated to the present action.

Finally, while petitioners are entitled to access to Lifter, Room 400A for purposes of photographing and examination, the petitioners cannot expect this right to be absolute. Therefore, petitioners are entitled to access to the hospital room subject to the availability of Lifter, Room 400A.

The hospital is also entitled to reasonable reimbursement for the use of the room by the petitioners.

Accordingly, and for the above-stated reasons, we enter the following:

## ORDER

And now, November 27, 1974, plaintiffs' request for inspection of documents under Rule 4009(1) is granted subject to the following limitations:

(1) The operating room and recovery room logs shall be limited to April 28, 1971, but shall include caption headings;

(2) The names of patients who are not related to this cause of action are to be deleted from the operating room and recovery room logs;

(3) The petitioners' access to Room 400A is not subject to the 20-day rule. It shall be subject to a reasonable test as the hospital must have access to the room; and

(4) Petitioners shall be required to reimburse the hospital reasonable costs, if any, for use of Room 400A.

Therefore, it is hereby ordered and decreed that plaintiffs' motion for production and inspection is granted subject to the aforementioned limitations.